25 C.C.P.A.(Patents)

In re SPITZGLASS et al.

Patent Appeal No. 3965.

Court of Customs and Patent Appeals.

June 6, 1938.

E. S. Booth, of New York City (M. W. McConkey and Horace Dawson, both of Chicago, Ill., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 4, 5, 8, 10, 11, 12, 15, 16, and 18 to 24, inclusive, in appellants' application for a patent for an alleged invention relating to a calculating device. One claim—No. 25—was allowed.

Claims 1 and 23 are illustrative of the appealed claims. They read:

"1. A calculating device comprising three coaxial rotatable dials arranged side by side and closely adjacent each other, and a linkage arranged in a compact space which is relatively short in the direction of the axis of the dials and which is close be-

side said dials within the circumference thereof and connecting said dials and so constructed and arranged that angular movements of two of the dials in direct proportion to two quantities will cause movement of the third dial in direct proportion to the product of those quantities."

"23. A calculating device comprising three coaxial rotatable disks, three pinions connected to said disks respectively, gear segments movable about fixed pivots and meshing with said pinions, and links pivoted to said segments and pivotally interconnected in such a manner that angular movements of two of the disks in direct proportion to two quantities will cause movement of the third disk in proportion to the product of those quantities."

The references are: Godefroy, 122,167, Dec. 26, 1871; Fields, 198,934, Jan. 8, 1878; Horine, 1,306,379, June 10, 1919; Spitzglass et al., 2,045,621, June 30, 1936.

Appellants' calculating device is designed to be used in the multiplication and division of figures, and is intended for use by accountants, engineers, and others. It comprises three coaxial rotatable dials arranged side by side beneath a window in a housing, and connected to each other by means of a novel linkage "in such a manner that setting two of them at the quantities to be multiplied automatically sets the third at the product of those quantities. Conversely, setting one dial at the dividend and another at the divisor automatically sets the third at the quotient." The rims of two of the dials extend beyond the side of the housing so that those dials may be rotated.

In view of the issues in the case, further description of the invention is unnecessary.

The claims were rejected by the tribunals of the Patent Office, as stated by counsel for appellants, on the ground that they "do not define the invention in terms of structure but in terms of function only." Counsel for appellants challenge the correctness of such rejection.

The "linkage" referred to in quoted claim 1 is covered by patent No. 2,045,621, issued to appellants on June 30, 1936, on an application filed August 28, 1933, which application was copending with appellants' involved application, filed November 27, 1933.

The patent to Horine relates to a "computer," designed to be used in computing figures. It discloses three coaxial dials, movable relative to each other, together with means "for controlling the movement of the scales [dials] relative to each other such that the movement of any two scales relative to each other produces the desired corresponding movement of the third scale."

The patentee's dials or scales are not interconnected in the same manner as those in appellants' structure, nor do they produce the same result. However, as stated by the Primary Examiner, which statement is not challenged by counsel for appellants, if the patentee's dials or scales were interconnected by appellants' linkage, the patentee's device would produce the same results as those produced by appellants'.

In his decision, the Primary Examiner stated:

"At the outset it is desired to emphasize that the examiner is not attempting to assert that to arrange the linkage of applicant's prior patent so that cylindrical indicators may be utilized does not make a new and patentable combination. This is evidenced by the allowance of claim 25, but the examiner does assert very strongly that the rejected claims do not set out the mechanical arrangement of the linkage of his prior patent so that it may operate coaxial cylindrical indicators to obtain the desired result, but state the result itself as the distinguishing feature.

"For example, claim 1 claims "a linkage arranged in a compact space * * * so constructed and arranged that angular movements * * * will cause movement etc."" Not a single arrangement of one link relative to another; not a single statement of where the pivot points of the links are relatively placed; not a single statement of the parts that cooperate with the sectors that move the cylinders. *Everything novel in the claim is defined in terms of the result obtained by some linkage, but not by any statement of the structural arrangement of the linkage.* It is not deemed necessary to cite authority for this rejection. A patent is granted for a mechanical thing, definitely, even though broadly, stated. To grant a patent on claim 1 would force any kind of linkage whatever that may be devised to pay tribute to a claim that defines no definite mechanism, but establishes its monopoly solely by the result obtained. Note that Horine has three coaxial cylinders that are interconnected for movement. They do not give applicant's

result, because they are not interconnected to do so. If they were interconnected by the linkage of applicant's prior patent they would give applicant's result. The claim as said before does not recite the arrangement that gives the result, but depends wholly on the result for differentiation from the prior art." (Italics ours.)

In his decision the Primary Examiner fully analyzed each of the appealed claims, and relative to claims 22, 23, and 24, which, it is claimed by counsel for appellants, clearly and definitely define structure, not function, said:

"Claim 22 does set out three coaxial rotatable disks, pinions connected therewith, and gear segments for driving the pivots, but the real meat of the claim is defined only as a 'linkage connected to the segments' for obtaining a result. The character of the linkage and how it is connected up with the segments is not defined. Claim 22 is therefore refused.

"Claims 23 and 24 approach more nearly to the standard of claim 25, but fall short of it in that the arrangement of floating and fixed pivots of the linkage is defined only in terms of the mathematical result obtained and not in terms of their positions relative to each other. Claims 23 and 24 are therefore properly refused."

The examiner concluded his decision with the following statement: "It is possible that some of the finally rejected claims could be made patentable in addition to allowed claim 25 by proper recital of structure, and the examiner will consider this matter if properly presented for his determination. In their present form all claims but claim 25 are thought not to be properly patentable."

The Board of Appeals stated in its decision that "The arrangement of dials * * * to produce a result similar to that of applicants" was old in the art, as disclosed in the patent to Horine, and that the appealed claims were distinguishable from the prior art merely by the functional statements contained in them.

Counsel for appellants contend that as the appealed claims are for a combination of elements, it is unnecessary that the structure of the linkage be set forth therein; that the claims define structure, not merely function; and that it is proper to refer to the elements in a combination claim broadly by the term "means." Counsel have cited authorities which, it is claimed, support their contention.

Our attention is called to the following statement in Walker on Patents, Sixth Edition, section 162a: "Where *some* of the *parts* of a combination *operate therein* to *give motion* to *other parts,* which do *the final work* of the combination, it is proper to *specify the former* by the use of such terms as 'means,' 'mechanism,' or 'devices' for *giving that motion, except when these terms are applied to an element or part which constitutes the essence of the invention.*" (Italics ours.)

In the case of Continental Paper Bag Company v. Eastern Paper Bag Company, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122, one of the authorities relied upon by counsel for appellant, the Supreme Court held that the following claim was not merely for a function, but sufficiently defined mechanical structure (page 750): "In a paper bag machine, the combination of a *rotating cylinder* provided with one or more pairs of side-forming fingers adapted to be moved toward or from each other, a *forming plate* also provided with side-forming fingers adapted to be moved toward or from each other, means for operating said fingers at definite times during the formative action upon the bag tube, *operating means for the forming plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder during the rotary movement of said cylinder,* the whole operating for the purpose of opening and forming the bottom of the bag tube, and means to move the bag tube with the cylinder." (Italics ours.)

It will be observed that the claim called for a rotating cylinder with one or more pairs of side forming fingers, etc., in combination with a "forming plate" which was also provided with side forming fingers, "means for operating said fingers at definite times," and "*operating means* for the forming plate adapted to cause the said plate to oscillate about its rear edge upon the surface of the cylinder during the rotary movement of said cylinder." (Italics ours.) The discussion and decision in the case related to the "operating means for the forming plate," etc. In the course of its discussion, the Court said:

"Counsel, however, contends that the circuit court, in its decision, virtually gave Liddell a patent for a function by holding that he was entitled to every means to cause the forming plate to oscillate about its rear edge.

"The distinction between a practically operative mechanism and its function is said to be difficult to define. Robinson, Patents, §§ 144, et seq. It becomes more difficult when a definition is attempted of a function of an element of a combination which is the means by which other elements are connected and by which they coäct and make complete and efficient the invention. But abstractions need not engage us. The claim is not for a function, but *for mechanical means to bring into working relation the folding plate and the cylinder.* This relation is the very essence of the invention, and marks the advance upon the prior art." (Italics ours.)

It is unnecessary to cite authorities in support of the proposition that in combination claims some elements or parts of the combination, where the relation of such parts is clearly expressed, may properly be referred to by such broad terms as "means" or "mechanism."

In the Continental Paper Bag Company Case, supra, the Supreme Court merely held that in the combination there involved the term "means," followed by a statement of the function of such means, sufficiently defined the element or part which brought the cylinder and the folding plate into working relation. The decision in that case was discussed, along with others, by the Circuit Court of Appeals, Sixth Circuit, in the case of Davis Sewing Mach. Co. v. New Departure Mfg. Co., 217 F. 775.

In the case at bar appellants are claiming three coaxial rotatable dials, arranged side by side and closely adjacent each other, in combination with a linkage connecting said dials, the linkage being so arranged and constructed as to make the dials perform in the manner and for the purpose set out in the claims. The dials are shown to be old in the patent to Horine, where they are interconnected for the purpose of accomplishing the result there desired—the computation of figures. Obviously, the "linkage" referred to in claim 1, which is referred to in the other appealed claims as "means," does not merely serve to provide a working relation for the dials, but, due to its structure, operates them in such manner that the desired result is obtained. Such operation of the dials is dependent upon the construction and arrangement of the linkage. The linkage, therefore, is the very essence of the invention, and, being such, its mechanical structure or the arrangement of its various parts and not merely its function or the result obtained by its use should be set forth in the claims. Davis Sewing Mach. Co. v. New Departure Mfg. Co., supra; Walker on Patents, Deller's Edition, Vol. 2, p. 790 et seq.

We have examined each of the appealed claims and are in agreement with the tribunals of the Patent Office that the "linkage" or "means" by which the dials are made to cooperate is not defined in terms of mechanical arrangement, but rather in terms of function or result. The claims are sufficiently broad to include all means capable of making the dials perform in the desired manner, and differ from the prior art only in terms of the result obtained. See Ex parte Paige, 1887 C.D. 71; Ex parte Pacholder, 1890 C.D. 55; Ex parte Halfpenny, 1895 C.D. 91, which cases were cited in the decision in the Davis Sewing Mach. Co. Case, supra.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.