### Application of MOCK et al.
### Patent Appeal No. 6014.

United States Court of Customs and Patent Appeals.
June 30, 1954.

M. A. Hobbs, South Bend, Ind. (E. C. Naylor, Washington, D. C., of counsel) for appellants.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 23 to 25, 30 to 32, 34, 35, and 59 to 70, inclusive, in an application for a patent entitled "for Rotary Pump," as unpatentable over the following prior art: Holm, (Br.), 2,290, April 6, 1854; Collingham (Br.), 28,980, September 19, 1912; Seguin, 1,345,895, July 6, 1920; Dibutsch (Ger.), 573,029, August 15, 1931; Schmieske (Ger.), 630,932, June 9, 1936.

Three claims were allowed by the examiner, and two claims which had been rejected by the examiner were allowed by the board. Appellants have withdrawn their appeal as to claims 23, 30, 31, 34, 59, 64, and 67.

The remaining claims are numbered 60, 61, 63, 65, 66, and 68 of which claim 60 is considered illustrative and reads:

"60. A device adapted for discharging fully liquid material such as volatile fuel, which comprises a pump having an inlet member adapted for receiving liquid material, an impeller assembly adjacent the inlet member, vane portions on the impeller assembly underlapping the member to define walls of open ended liquid flow pumping channels, and means on the impeller assembly arranged for transverse communication with a body of the liquid material surrounding the liquid material entering the inlet and effective for actuating the liquid material to remove gas and vapor before the liquid reaches the outlet of said pumping channels."

Appellants' invention relates to a pump for fuel systems on aircraft wherein the volatile fluids which tend to vaporize or boil at reduced atmospheric pressures due to high altitudes are so treated as to eliminate the vapors entrained in the fuel prior to its entry into the fuel supply line leading to the main engine pump and carburetor. Appellants describe their structure as consisting of three basic elements; viz., (1) a propeller or screw stage which produces sufficient agitation in the fuel to release the entrained vapors in the form of bubbles and which pressurizes the fuel into the impeller and facilitates separation of bubbles from the fuel; (2) a centrifugal impeller; and (3) a system in combination with the impeller and propeller for collecting and returning the vapor to the fuel tank.

All of the cited references against the claims on appeal relate to centrifugal pumps, although no single reference shows all of the limitations set forth in the appealed claims. It is elementary, however, that more than one reference may properly be considered in the determination of the patentability of claims. The examiner applied the references to the claims as follows: Claims 60, 61, and 65 are rejected as lacking invention over the Collingham patent which discloses centrifugal pumping vanes and screw vanes in the inlet passage (which is the only structure set forth in the claims); and that claims 61 and 65 merely define the desired result or mode of operation, while claim 60 distinguishes from the Collingham patent merely by the clause at the end of the claim "to remove gas and vapor before the liquid reaches the outlet of said pumping chambers." Claims 63, 66, and 68 were rejected and claims 60, 61, and 65 were further rejected as lacking invention over Seguin in view of Holm or Dibutsch, Seguin disclosing a centrifugal impeller, inlet, and vent means intermediate the impeller inlet and outlet for discharging vapors through the vent and back to the reservoir through a conduit; Holm disclosing a combined screw and centrifugal

pump with the screw blades being of increasing pitch from the leading to the trailing edges and the trailing edges being matched with the centrifugal stage blades; and the patent to Dibutsch disclosing a combined screw and centrifugal pump with alternately shorter blades in the screw pump. The examiner was of the opinion that no new, unobvious, or unexpected result would be obtained in merely providing a screw stage on the pump of Seguin as taught by Holm and Dibutsch.

It is contended by appellant that the teaching in the claims on appeal discloses "for the first time the concept of using a first or screw stage, in conjunction with a centrifugal impeller, for releasing vapor from the fuel in the form of bubbles and a vent system for removing the bubbles so formed."

In sustaining the rejection by the examiner of the claims over Seguin in view of Holm or Dibutsch, the board pointed out that the vanes in the patent to Dibutsch are screw vanes and since the screw stage of appellants' pump is only broadly recited, it would not amount to invention to provide the Seguin pump with the preliminary screw stage as taught in the patents to Holm and Dibutsch. The board also sustained the rejection of claims 60, 61, and 65 as unpatentable over Collingham, which patent discloses a centrifugal pump with vanes, alternate ones being provided with screw vanes in the inlet passage. It was there pointed out that this was the only structure recited by the appealed claims, the remaining portions being concerned with functions and results upon which patentability cannot be predicated, particularly when structure at the alleged point of novelty is dependent thereon, citing General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L. Ed. 1402; In re Spitzglass, 96 F.2d 1002, 25 C.C.P.A., Patents, 1227; and In re Dalton, 188 F.2d 170, 38 C.C.P.A., Patents, 953.

■ We agree with the tribunals of the Patent Office that the structures de-

fined in the claims are met by the prior art, and that their distinction thereover is not patentably distinct but at best merely functional.

The decision appealed from is affirmed. Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.